DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Regis E. Brown, et al.,            ) | |
| ) | CASE NO. 5:05 CV 962 |
| Plaintiffs,       ) | |
| ) | |
| v.                                         ) | MEMORANDUM OPINION |
| ) | |
| Cabell Financial Corporation, et al.,  ) | |
| ) | |
| Defendants.    ) | |
| ) | |

This case was closed on December 13, 2005 upon the entry of a voluntary stipulation by the parties for dismissal of the entire action without prejudice.  ECF 76.  Now before the Court is a motion by defendant McDonald Investments, Inc. (McDonald) pursuant to Federal Rule of Civil Procedure 41(d) to require plaintiff Regis E. Brown (Brown) to pay McDonald $2,955.63 for costs that McDonald incurred in defending this lawsuit during 2005.  ECF 77.

The basis for McDonald's motion is that after the voluntary dismissal of the case, Brown commenced an arbitration proceeding on January 11, 2008 against McDonald under the auspices of the Financial Industry Regulatory Authority (FINRA) regarding claims identical to those in the dismissed action.  As a consequence, McDonald seeks reimbursement for its costs in this case and to enjoin Brown from participating in the FINRA arbitration until those costs are paid.  *Id.*  Plaintiff Brown has opposed the motion (ECF 80), and McDonald has replied (ECF 82).

For the reasons discussed herein, McDonald's motion for costs is DENIED.

(5:05 CV 0962)

## I.  BACKGROUND

This case regarding unpaid securities purchased by plaintiffs was originally filed in the Summit County Court of Common Pleas and removed to federal court by defendants on April 13, 2005.  There were six defendants in this case, including McDonald.  McDonald filed an answer to plaintiffs' complaint and cross-claims.  ECF 19. On December 13, 2005, plaintiffs dismissed this case without prejudice by stipulation of all parties, including McDonald.  According to McDonald's motion, plaintiffs "did not do so to move the action to arbitration."  ECF 77, p. 4 of 7.

The subsequent chronology of events is not in dispute.  On January 11, 2008, more than two years after the dismissal, plaintiff Brown commenced an arbitration proceeding against McDonald under the auspices of FINRA.  On February 8, 2010, more than two years after the commencement of the FINRA arbitration, McDonald filed the motion for costs in the amount of $2,955.63,[1] and stay of the arbitration proceeding.

## II.  LAW AND ANALYSIS

A.      Jurisdiction

This case was dismissed voluntarily pursuant to Rule 41 of the Federal Rules of Civil Procedure.  After voluntary dismissal, a federal court retains jurisdiction to consider collateral issues, such as costs, attorney fees, contempt, and sanctions.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-98 (1990).

---

[1] The claimed costs are itemized in ECF 82, Exhibit A.

(5:05 CV 0962)

B.     Rule 41(d)

Federal Rule of Civil Procedure 41(d) provides as follows:

**(d) Costs of Previously Dismissed Action.**  If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of the previous action; and

(2) may stay the proceedings until the plaintiff has complied.

The Sixth Circuit has held that "Rule 41(d) is meant not only to prevent vexatious litigation, but also to prevent forum shopping, 'especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else.'" *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 874 (6th Cir. 2000), *cert. denied*, 532 U.S. 953 (2001), (abrogation on other grounds recognized by *Roberts v. A & S Building Systems,* 2008 WL 220627 (E.D. Tenn.)(citing *Powerex Corp. v. Reliant Energy Servs.,* 127 S.Ct. 2411, 2417 (2007)).  The determination to award costs or stay proceedings is discretionary with the Court.  *Id.*

C.     Analysis

The parties dispute whether the FINRA arbitration proceeding constitutes an "action" within the meaning of Rule 41(d).  However, the Court need not decide that issue because even if "action" in the context of Rule 41(d) encompasses a subsequent arbitration proceeding, the Court concludes that an award of costs is not warranted in this case.

First, this case was short-lived.  Next, all defendants, including McDonald, stipulated to plaintiffs' dismissal without prejudice.  As McDonald stated in its briefing, the dismissal was not undertaken to pursue arbitration.  While bad faith is not required for an award of costs under

3

(5:05 CV 0962)

Rule 41(d), there is nothing before the Court to suggest that the arbitration filed more than two years after the stipulated voluntary dismissal suggests forum shopping or vexatious litigation as to defendant McDonald that Rule 41(d) was meant to prevent.[2]  Further, while McDonald seeks a stay of the FINRA arbitration until Brown pays the claimed costs from this dismissed action, the Court notes that McDonald's motion for costs and stay was not filed when the FINRA aribtration proceeding was commenced, but more than two years later.

After considering the purposes of Rule 41(d) and the entire circumstances of this case, that Court concludes that an award of costs and stay under Rule 41(d) against plaintiff Brown is not warranted.

### III.  CONCLUSION

For the reasons discussed herein, defendant McDonald's motion for costs and stay (ECF 77) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| _April 13, 2010_ | _s/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[2] McDonald asserts in its reply brief that plaintiff Brown has engaged in vexatious litigation and forum shopping because he has filed three other lawsuits regarding the debentures that were at issue in this case.  However, McDonald acknowledges that none of those other lawsuits named McDonald as a defendant.  ECF 82, p. 4-5.